UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

GERALD GATES,

                Plaintiff,

    -against-

TARGET CORPORATION,

                Defendant-Petitioner.

---------------------------------X

**JUDGE CEDARBAUM**

**07 CV 11036**

Civil Action
07-CV-

NOTICE OF REMOVAL

Supreme, Bronx
Index No.: 30281/07

RECEIVED
DEC 05 2007
U.S.D.C. S.D.N.Y.
CASHIERS

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

    Defendant-Petitioner, TARGET CORPORATION ("Petitioner"), by its attorneys, Simmons, Jannace, & Stagg, L.L.P., upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

    1.    On or about November 15, 2007, the above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Bronx. A trial has not yet been had therein. A copy of the Summons and Verified Complaint is annexed as **Exhibit "A"**. Petitioner has not yet served an answer to Plaintiff's Verified Complaint.

    2.    The action seeks monetary damages allegedly suffered by plaintiff, GERALD GATES, allegedly caused by Petitioner. Plaintiff's Verified Complaint sounds in negligence and breach of warranty.

3. The action involves a controversy between citizens of different states, in that: (a) Plaintiff is a citizen of the State of New York; (b) Petitioner, TARGET CORPORATION, is now, and was at the time the action was commenced, incorporated pursuant to the laws of the State of Minnesota with its principal place of business in Minnesota.

4. This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1331. There is complete diversity between petitioner and plaintiff. In addition, upon information and belief, the amount in controversy exceeds $75,000.

5. This Notice of Removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Verified Complaint.

6. Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice.

7. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Bronx, promptly after the filing of this Notice.

8. Attached to this Notice of Removal, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

9. By filing this Notice of Removal, Petitioner does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam*

jurisdiction over Petitioner, improper service of process and the absence or inconvenience of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, Petitioner prays that the above-captioned action now pending in the Supreme Court of the State of New York, County of Bronx, be removed therefrom to this Court.

Dated:   Syosset, New York
         December 3, 2007

        Yours, etc.,

        SIMMONS, JANNACE & STAGG, L.L.P.

By _____
    MICHAEL D. KERN (mk 9573)
    Attorneys for Defendant/Petitioner
    TARGET CORPORATION
    **Office & P.O. Address:**
    75 Jackson Avenue
    Syosset, New York  11791-3139
    (516) 357-8100

TO:   KRIEGER, WILANSKY & HUPART, ESQS.
      Attorneys for Plaintiff
      GERALD GATES
      **Office & P.O. Address:**
      5602 Broadway
      Bronx, New York 10463
      (718) 432-0500

Notice Removal

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------x
GERALD GATES,

                 Plaintiff,

     -against-

TARGET CORPORATION,

               Defendant.
-----------------------------------------------------------x

Index No: 302811/07
Date of Purchased: NOV 15 2007
Plaintiff designates
BRONX COUNTY
as the place of trial.

The basis of venue is
Plaintiff's Residence

**SUMMONS**

Plaintiff resides at:
2865 Kingsbridge Terrace
Bronx, New York

County of Bronx

**To the above named Defendant:**

    *YOU ARE HEREBY SUMMONED* to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx, New York
       November 8, 2007

KRIEGER, WILANSKY & HUPART, ESQS.

By: _____
    Wayne M. Wilansky, Esq.
Attorneys for Plaintiff
5602 Broadway
Bronx, New York 10463
(718) 432-0500

TO:    TARGET CORPORATION
        c/o CT Corporation System
        111 Eighth Avenue (13FL)
        New York, New York 10011

        and Secretary of State

000719401f0001
22007112901173303      000719401f0001      11/29/2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
GERALD GATES,

                      Plaintiff,        Index No. 302811/07

   -against-
                                          NOV 15 2007
                                   VERIFIED COMPLAINT
TARGET CORPORATION,

                      Defendant.
------------------------------------------------------------x

      Plaintiff, by his attorneys, KRIEGER, WILANSKY & HUPART, complaining of the above-named defendant, respectfully alleges, upon information and belief, as follows:

      1.     That at all times herein mentioned, defendant TARGET CORPORATION (hereinafter referred to as "TARGET") was, and still is, a foreign business corporation duly organized and existing under, and by virtue of, the laws of the State of Minnesota.

      2.     That at all times herein mentioned, defendant, TARGET, was, and still is, a foreign business corporation conducting business in the State of New York

      3.     That at all times herein mentioned, defendant, TARGET, was, and still is, a foreign entity conducting business in the State of New York.

      4.     That at all times herein mentioned, defendant TARGET maintained a principal place of business in the City of Minneapolis, County of Hennepin, and State of Minnesota.

5. That at all times herein mentioned, defendant, TARGET, owned the premises known as TARGET RIVERDALE and located at 40 West 225th Street, #50, County of Bronx, City and State of New York.

6. That at all times herein mentioned, defendant, TARGET, operated the premises known as TARGET RIVERDALE and located at 40 West 225th Street, #50, County of Bronx, City and State of New York.

7. That at all times herein mentioned, defendant, TARGET, maintained the premises known as TARGET RIVERDALE and located at 40 West 225th Street, #50, County of Bronx, City and State of New York.

8. That at all times herein mentioned, defendant, TARGET, managed the premises known as TARGET RIVERDALE and located at 40 West 225th Street, #50, County of Bronx, City and State of New York.

9. That at all times herein mentioned, defendant, TARGET, controlled the premises known as TARGET RIVERDALE and located at 40 West 225th Street, #50, County of Bronx, City and State of New York.

10. That at all times herein mentioned, defendant, TARGET, repaired the premises known as TARGET RIVERDALE and located at 40 West 225th Street, #50, County of Bronx, City and State of New York.

11. That at all times herein mentioned and for some time prior thereto, defendant, TARGET, reserved to itself, its servants, agents and employees, the ownership, operation, maintenance, supervision, control and repair of the aforementioned

premises known as TARGET RIVERDALE and located at 40 West 225th Street, #50, County of Bronx, City and State of New York.

12. That at all times herein mentioned, and more specifically on December 19, 2005, the plaintiff, GERALD GATES, was lawfully walking through the store known as TARGET RIVERDALE and located at 40 West 225th Street, #50, County of Bronx, City and State of New York, when store merchandise fell on him, causing him to sustain serious injuries.

13. That at all times herein mentioned, the occurrence complained of herein was caused wholly and solely through and by the negligence of the defendant and absent any negligence on the part of the plaintiff contributing thereto.

14. That the said occurrence was caused wholly and solely by and through the negligence of the defendant, its agents, servants and/or employees in that the store was allowed and permitted to be and remain in a defective, dangerous, hazardous, unsafe and improper condition; in that the displays, shelves, aisles, and floors of the store were not maintained, observed, or otherwise tended to, in that store merchandise fell onto the client, thereby creating a hazard, nuisance, menace and trap to this plaintiff and to other persons lawfully thereat; that the aforementioned environment created an unreasonable risk of bodily injury to this plaintiff, and to other persons lawfully and properly thereat; in carelessly, recklessly and negligently failing to maintain displays, shelves, aisles, floors, and a proper store environment; in failing to prevent the shifting, misplacement, or falling of merchandise or other items within the store onto store patrons or the floor of said store; in failing to place warning signs, barricades or otherwise close said store; in failing to give this plaintiff and/or

other persons lawfully and properly thereat, any notice or warning of the said conditions; in that the said store constituted a danger, hazard, nuisance, menace and trap to this plaintiff and to others, and in that defendant, its agents, servants and employees knew, or by the exercise of reasonable care and caution, should have known of said conditions, and, with such knowledge, failed and neglected to properly repair or remedy the same, although the said conditions had existed for an unreasonable length of time prior to the occurrence herein; in failing to afford the plaintiff with a safe and proper means of browsing and/or shopping in said store; in failing to properly maintain said store and in that the said displays, shelves, aisles, and floors of said store were improperly maintained; that the defendant had due notice thereof in that said conditions existed for an unreasonable length of time prior to the occurrence herein and, in the exercise of due care, the defendant should have known of the existence of the defective, dangerous and hazardous conditions complained of herein and, in that the defendant, its agents, servants and/or employees were otherwise careless, reckless and negligent in its ownership, operation, management, maintenance, supervision, control and repair of the aforementioned premises.

15.   That no negligence on the part of plaintiff, GERALD GATES, contributed to the occurrence alleged herein in any manner whatsoever.

16.   That this action falls within one more of the exceptions set forth in CPLR Section 1602.

17.   That by reason of the foregoing, plaintiff, GERALD GATES, became disabled; sustained severe injuries to various parts of his body; that he suffered and will continue to suffer great pain and anguish in body and mind; that he received necessary

hospital attention and medical care by reason of the injuries sustained and for which expenses have, are and will continue to be incurred; that he has been unable to return to his usual duties as he had theretofore; and his injuries are of a permanent, protracted and disabling nature, all to him damage in a sum that exceeds the jurisdictional limits of all lower courts.

18.  Therefore, based on the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts.

WHEREFORE, the plaintiff, GERALD GATES, demands judgment against the defendant, TARGET CORPORATION, in a sum that exceeds the jurisdictional limits of all lower courts in addition to the costs and disbursements of this action.

Dated: Bronx, New York
       November 8, 2007

KRIEGER, WILANSKY & HUPART, ESQS.

By: _____
    Wayne M. Wilansky, Esq.
Attorneys for Plaintiff
5602 Broadway
Bronx, New York 10463
(718) 432-0500

# VERIFICATION

STATE OF NEW YORK, COUNTY OF Bronx                    ss:

Gerald Gates _____, being duly sworn, says:

I am a Plaintiff in the action herein: I have read the annexed Summons and Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are state to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

Dated: BRONX, NEW YORK
November 8, 2007

X _____
CLIENT'S SIGNATURE

Subscribed and sworn to before me
this 8th day of November, 2007

_____
NOTARY PUBLIC

MICHELLE P. LOPEZ
Notary Public, State of New York
No. 01LO6069406
Qualified in Bronx County
Commission Expires February 4, 2010

000719401f0001